# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE NELSON and CHRISTI MARSHALL, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>PACE SUBURBAN BUS, MARGARET MURRY, in her individual capacity and in her official capacity of Division Manager of Pace Suburban Bus - Heritage Division,<br><br>        Defendants. | No. 17-cv-7697<br>Hon. John Z. Lee |

**DEFENDANT'S AMENDED ANSWERS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES**

NOW COME the Defendants, PACE, THE SUBURBAN BUS DIVISION OF THE REGIONAL TRANSPORTATION AUTHORITY and MARGARET MURRY, in her individual capacity and in her official capacity of Division Manager of Pace Suburban Bus – Heritage Division, by and through their attorneys, Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C., and for their Answers to Plaintiffs' First Set of Interrogatories, states as follows:

    1.    Describe Pace's departmental structure for all operations (including those outside the Heritage Garage), including but not limited to:

        a.    How Pace is organized into departments or divisions;

        b.    The functions of each department or division;

        c.    The job categories for positions within each department or division;

        d.    The names and dates of service of supervisors or managers for each department or division from January 1, 2011 to the present.

**ANSWER**: Defendants object as this interrogatory is overly broad and unduly burdensome. Subject to said objection, all documents and communications regarding discipline and/or termination are contained in the Plaintiffs' personnel files, bates stamped PACE 000001 – 000381 (Maurice Nelson) and PACE 000382 – 000798 (Christi Marshall).

8. State why Plaintiffs' employment with Pace were terminated and what person(s) made or were involved in the decision to terminate their employment. Describe each persons' role in the decision-making process, including the input each provided.

**ANSWER**: See Plaintiffs' personnel files, PACE 000001 – 000381 (Maurice Nelson) and PACE 000382 – 000798 (Christi Marshall). Margaret Murry and Mark Klafeta were involved in the decision making process.

9. Identify all disciplinary actions imposed or considered against drivers at Pace (including Plaintiffs) and for each incidence of discipline, please identify the individual against whom discipline was levied, all individuals involved with the decision-making process, the basis for the discipline, the extent of the discipline (if any), and the date on which discipline was entered (if any).

**ANSWER**: Defendants object as this interrogatory is overly broad and unduly burdensome. Subject to this objection, all instances of discipline for drivers employed at the Heritage Division are contained within the employee's personnel file. For Plaintiffs, see bates stamped PACE 000001 – 000381 (Maurice Nelson) and PACE 000382 – 000798 (Christi Marshall).

10. Identify all separations of employment for drivers at Pace (including Plaintiffs) and for each separation, please identify the individual against whose employment ended, the date of the separation, whether the separation was voluntary or involuntary, all individuals involved with the decision-making process resulting in the separation of employment, the reason for the separation, and whether the separation was in lieu of discipline.

**ANSWER**: Defendants object as this interrogatory is overly broad and unduly burdensome. Subject to this objection, all information regarding separation of employment for drivers at the Heritage Division is contained within the employee's personnel file. Further answering, see PACE 001679 - 001683.

11. Identify all promotions given to drivers at Pace, and for each promotion, please identify the individual who received the promotion, who (if anyone) recommended the promotion, all individuals involved with the decision-making process in approving the promotion, the new job position offered to the driver, and the date on which the promotion took effect.

**ANSWER**: **Defendants object as this interrogatory is overly broad and unduly burdensome. Subject to this objection, all information regarding promotions for drivers at the Heritage Division is contained within the employee's personnel file. Further answering, see PACE 001684 - 001686.**

12. Identify all transfers opportunities available to drivers at Pace, and for each transfer opportunity, identify who requested a transfer, whether that request was granted or denied. For each transfer, please identify the individual who received the transfer, who (if anyone) suggested the transfer, whether the employee was recommended for the transfer by another employee or manager, whether the transfer was voluntary or involuntary, all individuals involved with the decision-making process in approving the transfer, the new job position offered to the driver, and the date on which the transfer took effect.

**ANSWER**: **Defendants object as this interrogatory is overly broad, unduly burdensome, and irrelevant. Subject to said objection, drivers at Pace cannot be transferred to different garages.**

13. State in detail the compensation and benefits drivers receive (including health, life, and/or disability insurance, retirement, pension, seniority benefits, 401k match, paid time off, etc.), including the monetary value of such benefits stated either as a dollar figure or a percentage of salary.

**ANSWER**: **Defendants object as this interrogatory is overly broad, unduly burdensome, and irrelevant. Subject to said objection, see PACE 000942 – 000991 (Collective Bargaining Agreement).**

14. Identify and describe in detail any factors, criteria or circumstances Defendants believe could explain any racial disparities that exist between African-Americans and others in rates of discipline, termination, transfer, promotion or compensation of Pace drivers.

**ANSWER**: **Defendants object as this interrogatory is overly broad and unduly burdensome. Subject to said objection, there are no racial disparities between African-Americans and others in rates of discipline, termination, transfer, promotion, or compensation.**

15. Describe how Defendants searched their paper and electronic files in response to these interrogatories as well as Plaintiffs' First Set of Document Requests for the Defendants, including those who conducted the search and oversaw the search, what files were searched and how they were searched. For example, list what custodians' files (or department's files) were searched or reviewed, which of each custodian's files were searched (e.g., personnel record) and in the case of electronic files, what search terms were used and whether entire hard drives and e-mail files were searched. Please state how far back the available data and paper files go back to January 1, 2011 and, if not, the dates for which paper or electronic files are available. This request does not seek any instructions or advice from attorneys but rather a description of what files are actually available and how they were actually searched.

**ANSWER**: Defendants object as this interrogatory is overly broad and unduly burdensome. Subject to said objection, Defendants utilized searches of Pace's internal HR system, APEX system, and Network Drives for any electronically stored information. Furthermore, employees of Pace searched department files and personnel files for the remaining information and documents responsive to these requests.

                s/ *Margaret Kostopulos*
                One of the Attorneys for Defendants

Darcy L. Proctor / ARDC # 6199731
dproctor@ancelglink.com
Margaret Kostopulos /ARDC # 6188284
mkostopulos@ancelglink.com
Justin DeLuca / ARDC # 6308867
jdeluca@ancelglink.com
Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C.
Attorney for Defendants
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606

4829-8447-1405, v. 1