**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE NELSON AND CHRISTI, MARSHALL, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 17 C 7697 |
| v. | ) ) | |
| PACE SUBURBAN BUS and MARGARET MURRY, in her individual capacity and in her official capacity of Division Manager of Pace Suburban Bus – Heritage Division, | ) ) ) ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs have filed a "Motion for a Protective Order Extending Time for Defendant Murry's Deposition and Motion to Compel Defendants to Search Defendant Murry's Personal Devices and Accounts." The Motion [Dkt. # 91] is denied.

The Motion fails to comply with Local Rule 37.2. While plaintiffs' Motion summarily claims that "the parties have exhausted their meet and confer obligations under Local Rule 37.2," [Dkt. #91, at 2], there is absolutely no indication that they have. In fact, there is no indication that the numerous cases discussed in their Motion at pages 6-8 have even been discussed or called to the attention of the defendants even though any notion of sound practice would dictate that if a party relies on certain cases to secure judicial relief, those cases should have been called to the attention of the opponent *before* they are brought to the attention of a court and relied on to secure a favorable ruling. Indeed, that is the purpose of Rule 37.2. Yet, nothing in the Motion informs the court that

there has been this kind of necessary and mutually informative exchange. Indeed, even courts will not address arguments that are unsupported by pertinent authority. *United States v. Adriatico–Fernandez,* 498 Fed.Appx. 596, 599–600 (7th Cir.2012). Similarly, lawyers cannot make informed decisions unless they have access to relevant information and authority supporting a conclusion that is claimed to favor the other side.

Local Rule 37.2 clearly requires that a discovery motion be accompanied by a certification that must recite the *time* and *place* of each conference. N.D.Ill. L.R. 37.2. Plaintiffs' Motion refers to two emails, which are not attached to the Motion so, the information demanded by the local rule is not available. Moreover, while plaintiffs suggest that the emails mention phone calls – again, we don't know because they are not attached – it is worth pointing out that emails are not sufficient under the Local Rule.

It should also be pointed out that a single, brief phone call about an issue is also insufficient, as Local Rule 37.2 very clearly requires parties to negotiate in good faith. Based on the plaintiffs' Motion, for all the court knows – one side said – "you have to do this" and the other said, "no we don't." That's unacceptable. *See Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 921 n.3 (N.D. Ill. 2019)("While they 'conferred' telephonically, all this consisted of was Motorola asking Hytera if it still opposed forensic inspection and Hytera saying it did. Obviously, that doesn't pass muster under any interpretation of meeting and conferring in good faith.")*; Chicago Reg'l Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."); *Gunn v. Stevens §. & Training Servs., Inc.*, 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith

discussion."); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. 2016)("A single phone call in three months regarding a dispute that has engendered nearly 500 pages of briefs and exhibits doesn't come close to sufficing.").

This is not the first time the plaintiffs have failed to comply with Local Rule 37.2, [Dkt. #86 (single email, non-compliant certification), Par. 18] and so from now on the Rule will be strictly enforced in accordance with my Standing Order, *see* Compliance With Local Rule 37.2, and all future Motions will have to comply with the requirements of *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 2007 WL 2736681, at *2 (N.D. Ill. 2007). In terms of the question of doubling the allowable length of defendant Murry's deposition, the Motion simply describes what is claimed to be the importance of the prospective deponent – an importance which the plaintiffs guess might require a doubling of the amount of time for the deposition.

But if that conclusion were to be taken at face value, the time limit set by the Federal Rules of Civil Procedure for depositions in all cases would go by the wayside, and a deposition would be determined by the whim and wishes and guess of the person taking the deposition. Were the plaintiffs' argument to be uncritically accepted, the standard for depositions in cases like the present would become the proverbial "Chancellor's foot," with the size being determined by the plaintiffs' lawyer.

Be that as it may, the plaintiffs have conceded that they "believe they can fairly examine defendant Murry" in the time allotted by the Rules. But, they say, "to ensure the testimony is as efficient as possible [whatever that may mean], plaintiffs request that Murry appear to testify on consecutive days." [Dkt. #91 at 4, ¶ 14]. Unfortunately, neither judges nor lawyers have the gift of prophesy, *Ballard v. Citizens Cas. Co. of N. Y.*, 196 F.2d 96, 102 (7th Cir. 1952), and thus, they

3

cannot attempt to forecast events still "in the womb of time." *Dennis v. United States*, 341 U.S. 494, 551(1951)(Frankfurter, J., concurring). Thus, one aspect of the plaintiffs' Motion is plainly premature and inappropriate. Indeed, "[i]f the resolution of a controversy 'depends upon contingent or hypothetical facts, or upon events that have not yet come to pass,' it is not ripe for review." *Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319, 324 (5th Cir. 2001).

Accordingly, the deposition will go forward in accordance with the prescribed temporal limitations. Seven hours of questioning, in reality, is a significant amount of time, as the drafters of the Federal Rules of Civil Procedure have concluded. That time should be used wisely and efficiently. If, after a deposition of the prescribed length has been completed, and the questioner has used that time wisely and efficiently, and can prove that more time is *necessary*, he may then petition the court, after meaningfully conferring with opposing counsel. But counsel should be under no misapprehension that in the main, the sound exercise of discretion, which guides all discovery decisions, *King v. Ford Motor Co.*, 872 F.2d 833, 838 (7th Cir. 2017), *Nat'l-Standard Co. v. Adamkus*, 881 F.2d 352, 363 (7th Cir. 1989); *see also Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352 (1978), will often result in a decision not to increase the amount of time for a deposition that the drafters of the Federal Rules of Civil Procedure concluded is generally adequate.

Obviously, any inefficiencies, such as sparring matches, irrelevant or improper questions, arguments over objections, attempted coaching, needless interruptions, meetings with the deponent, and inappropriate and speaking objections etc., will not be ignored if a request should be made for additional time. *See, e.g., United States §. & Exch. Comm'n v. Kandalepas*, 2018 WL 4005201, at *2 (N.D. Ill. 2018); *Somerset Studios, LLC v. Sch. Specialty, Inc.*, 2011 WL 4344596, at *5 (N.D. Cal. 2011); *Malec v. Trustees of Boston College*, 208 F.R.D. 23, 24 (D.Mass.2002). Indeed, counsel

should familiarize themselves with Judge Easterbrook's comments in *Redwood v. Dobson,* 476 F.3d 462, 468 (7th Cir.2007). *See also, Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890, 902-904 (7th Cir. 1981); *Flowers v. Owens,* 274 F.R.D. 218, 222 (N.D.Ill.2011); *Pioneer Drive, LLC v. Nissan Diesel America, Inc.*, 262 F.R.D. 552, 554 (D. Mont. 2009).

In light of this Order, the parties need not appear on 5/22/19, the date the Motion is noticed for. The status date of 6/3/19 will stand. Of course, the parties should not hesitate to contact (312-435-5601) chambers if any issues arise during the depositions.

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 5/21/19