UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE NELSON AND CHRISTI MARSHALL, individually and on behalf of all others similarly situated,<br>                Plaintiffs,<br><br>v.<br><br>PACE SUBURBAN BUS AND MARGARET MURRY, in her individual capacity and in her official capacity of Division Manager of Pace Suburban Bus – Heritage Division,<br>                Defendants. | No. 17-cv-7697<br><br>Judge John Z. Lee<br><br>Mag. Judge Jeffrey Cole |

**PLAINTIFFS' JOINT OPPOSITION TO DEFENDANTS' MOTIONS
TO SUBSTITUTE COUNSEL AND EXTEND THE RULE 23 BRIEFING SCHEDULE**

Plaintiffs Maurice Nelson ("Nelson") and Christi Marshall ("Marshall"), individually and on behalf of a class similarly situated individuals ("Plaintiffs"), by and through their attorneys The Wood Law Office, LLC and Osborne Employment Law, hereby jointly oppose Defendants' motions to substitute counsel (ECF No. 114) and to extend the agreed briefing schedule for Plaintiffs' Rule 23 motion (ECF No. 116) as follows:

**ARGUMENT**

1.     In an attempt to obscure Defendants' failure to provide any justification for their surprising request to substitute counsel, Defendants misstate the basis for Plaintiffs' objections to their motions. As explained below, Plaintiffs object to Defendants' request for permission to substitute counsel because no basis for substitution has been provided and, as evidenced by Defendants' contemporaneous motion for extension, allowing substitution will delay and prolong the proceedings.

1

2.      By way of background, in August and September, the parties appeared before this Court to discuss scheduling next steps in the matter. (ECF Nos. 101-103). Based on their discussions, the parties submitted an agreed order pursuant to which Rule 23 class certification issues would be decided prior to the parties engaging in any expert discovery or briefing of Defendants' anticipated motion for summary judgment. (ECF No. 103, ¶¶2, 3, 7).

3.      Pursuant to the schedule the Court adopted, Plaintiffs' Rule 23 briefing would be filed on October 25, 2019, Defendants' response would be filed on December 9, Plaintiffs' reply would be filed on January 15, 2020, and the parties would appear before the Court on January 29, 2020, to address the Court's questions regarding the motion. (ECF No. 103, ¶¶3-6).

4.      Plaintiffs timely filed their materials on October 25. Last week, on November 6, an additional associate for Ancel Glink appeared for Defendants in the matter; the next day, November 7, Defendants' existing counsel exchanged emails with Plaintiffs' counsel about exhibits to that motion.

5.      On Friday, November 8, 2019, Plaintiffs' counsel surprisingly learned Defendants' potential new counsel Taft Stettinius & Hollister, LLP would be requesting this Court's permission to appear in the case. Upon learning of Defendants' intention, Plaintiffs lead counsel made himself available to confer with Defendants' existing and potential new counsel over the weekend, spoke by phone with Defendants' potential new counsel, and emailed Defendants' existing and potential new counsel Plaintiffs' position – all before 8:00 am Monday morning.

6.      During Plaintiffs' counsel's phone call with potential new counsel David Weinstein on Saturday, November 9, Plaintiffs' counsel referenced Defendants' delays in producing materials that Plaintiffs sought in discovery, the length of the litigation thus far as a result of those delays, and Plaintiffs Nelson's and Marshall's desire to see the matter proceed to conclusion

2

quickly (whether individually or on behalf of a class). During the Saturday phone call Plaintiffs' counsel also referenced the difficulties adjusting the schedule would impose on Plaintiffs' counsels' small law offices (Plaintiffs' counsels two firms – combined – employ 3 attorneys; Defendants' existing and potential new firms' each employs dozens).

7. Ultimately, however, Plaintiffs' counsel did not indicate Plaintiffs' position during the Saturday call. Plaintiffs' counsel indicated he would consider the matter further and get back to Defendants by the end of the weekend, as Mr. Weinstein subsequently acknowledged. (Ex. A, Weinstein November 11 Email to Wood) (acknowledging Plaintiffs' counsel "stated [he] would let [Weinstein] know before the end of the weekend whether plaintiffs oppose" Defendants' motions).

8. During the November 9 call and in other attempts to communicate with Defendants' existing and potential new counsel, Plaintiffs' counsel inquired why substitution of Defendants' counsel was necessary (i.e., on what basis leave of court to substitute counsel would be sought). Like this Court's Local Rules, Plaintiffs' counsel recognizes there are circumstances that require counsel's withdrawal and "substitution" of new counsel. *See* Local Rule 83.17. But to date – including in Defendants' motions – Defendants have provided no explanation for any need for its prior counsel to withdraw. Defendants apparently simply want to change counsel mid-lawsuit.

9. Given the absence of any reason for existing counsel's withdrawal and the impact Defendants' change of counsel would have on proceedings, Plaintiffs' counsel informed Defendants' existing and potential new counsel that Plaintiffs opposed the motions if substitution necessitated altering the schedule because, based on the information Plaintiffs had, they did not

see why Defendants' counsel could not satisfy the existing deadlines. (Ex. B, Wood's November 11 Email Exchange with Defendants' Existing and Potential Counsel).[1]

10. Defendants' potential new counsel claimed to "understand plaintiffs' position," but then misstated it to the Court. (Ex. B). Directly contradicting Mr. Weinstein's November 11 email (Ex. A), Defendants' November 11 motion claims that "Plaintiffs' lead counsel indicated during the November 9 conversation that he opposed any such extension because it would inconvenience his office's scheduling of work on Plaintiffs' reply brief and on other cases" (ECF No. 114, ¶2).

11. Plaintiffs do not oppose Defendants' motion for substitution because of the impact it will have on their schedules or other cases. Rather, Plaintiffs' oppose Defendants' request to substitute counsel because it will unnecessarily delay and prolong the proceedings, as evidenced by Defendants' motion. Because of their request to permit substitution of counsel, Defendants have already sought an extension. Plaintiffs fear Defendants' potential new counsel may seek to renege on other agreements Defendants reached even though they have become part of this Court's order (e.g., with respect to remaining expert discovery and/or adjudication of Defendants' potential motion for summary judgment).

12. Defendants claim in their motion for extension, that "absent additional time to review the record and prepare their opposition brief, Defendants will be unable to mount their defense." (ECF No. 116, ¶10). But Defendants have known Plaintiffs' would be seeking Rule 23 certification since the case was filed in 2017. Moreover, Defendants and their existing counsel have known the arguments Plaintiffs would make and legal authority on which they would rely in

---

[1] In emailing Defendants' potential counsel, Plaintiffs' counsel inadvertently cited a prior version of the Court's Local Rules (prior Local Rule 83.51.16 regarding withdrawal from representation). Those same concepts (found in Model Rule 1.16 and Illinois Rule of Professional Responsibility 1.16), which are incorporated via Local Rule 83.50.

seeking class certification since before agreeing to the schedule this Court entered![2] It is only Defendants' choice to seek this Court's permission to change attorneys that may impact their defense (assuming this Court permits substitution).

13. Defendants offer no explanation of why their existing and new counsel cannot work together to satisfy the deadline to which Defendants agreed. Working together, Defendants' potential new counsel can "get up to speed" without any delay in the matter whatsoever.

14. Thus, Plaintiffs position on Defendants' motion is that absent some reason Defendants' existing counsel must withdraw, all Defendants' counsel should work together to satisfy the schedule Defendants agreed to meet only months ago, notwithstanding Defendants' hope this Court will grant Defendants' request to permit new counsel to join the case two years after it was filed. Defendants have not explained why that cannot happen nor why it has sought to substitute counsel (other than its own whim). Without any such explanation, Defendants' motion to substitute counsel should be denied (without prejudice to Defendant adding counsel), along with Defendant's motion to extend time to oppose Plaintiffs' motion for class certification.

## CONCLUSION

WHEREFORE, for all the forgoing reasons, this Court should deny Defendants' motion to substitute counsel (without prejudice to Defendant adding counsel) and deny Defendant's motion to extend time to oppose Plaintiffs' motion for class certification.

Respectfully submitted,

By: /s/ J. Bryan Wood
One of Plaintiffs' Attorneys

---

[2] On August 22, 2019, for purposes of settlement only, Plaintiffs' counsel sent Defendants' existing counsel drafts of Plaintiffs brief and memorandum in support of class certification, which contain *substantially* similar legal arguments and legal authority as their filed versions.

Attorneys for Plaintiffs:

J. Bryan Wood (ARDC # 6270845)
Ryan O. Estes (ARDC # 6312755)
The Wood Law Office, LLC
303 W. Madison St., Suite 2650
Chicago, IL 60606
Office: 312-554-8600
bryan@jbryanwoodlaw.com
restes@jbryanwoodlaw.com

Quinton Osborne
Osborne Employment Law
799 Roosevelt Road, Suite 3-201
Glen Ellyn, IL 60137
(331).702-1538 Phone
(331).465-0450 Fax
www.OsborneEmploymentLaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on November 12, 2019, a copy of the foregoing Plaintiffs' Joint Opposition To Defendants' Motions To Substitute Counsel And Extend The Rule 23 Briefing Schedule was served upon all counsel of record via the Court's electronic filing system.

/s/ Ryan O. Estes