UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE NELSON AND CHRISTI MARSHALL,<br><br>                            Plaintiffs,<br><br>v.<br><br>PACE SUBURBAN BUS AND MARGARET MURRY, in her individual capacity and her official capacity of Division Manager of Pace Suburban Bus – Heritage Division,<br><br>                            Defendants. | No. 17-cv-7697<br><br>Judge Harry D. Leinenweber |

## JOINT STATUS REPORT

The parties, by their undersigned attorneys, pursuant to the Court's January 3, 2023 Order (ECF # 208), submit this Joint Status Report.

1. **Nature of the Case**

    **A.** Attorneys of Record for Plaintiffs are J. Bryan Wood, The Wood Law Office, LLC (Lead Trial Counsel) and Quinton Osborne, Osborne Employment Law, LLC (Trial Counsel). Attorneys of Record for Defendants are David L. Weinstein (Lead Trial Counsel), Rachel L. Schaller, and Benjamin S. Morrell, of Taft Stettinius & Hollister LLP.

    **B.** The bases for federal jurisdiction are 28 U.S.C. §§ 1331 and 1367(a), including pursuant to 740 ILCS 23/5(b). (ECF # 74, ¶ 5.) No party disputes federal jurisdiction.

    **C.** Plaintiffs, African Americans, allege they were victims of a long-standing pattern or practice of employment discrimination in discipline and termination based on race under state and federal law against their former employer, Defendant Pace Suburban Bus, and their Division Manager, Margaret Murry (Caucasian). Plaintiffs assert claims for intentional and unintentional

discrimination under the Illinois Civil Rights Act of 2003, the Illinois Human Rights Act, and Title VII of the Civil Rights Act of 1964, as well as claims for intentional race discrimination and unlawful deprivation of federally protected rights in violation of the Equal Protection Clause and Sections 1981, 1985, and/or 1986 of the Civil Rights Act of 1866.

Defendants deny engaging in any unlawful conduct and, as affirmative defenses, allege that: (1) Plaintiffs failed to mitigate their damages; (2) some of Plaintiffs' claims are time-barred by the applicable statutes of limitations; and (3) Plaintiffs cannot maintain a class action under Fed.R.Civ.P. 23. (ECF # 74, p. 25.)

Defendants assert additional affirmative defenses, alleging that: (a) Plaintiffs' disparate impact claims are barred because the allegedly discriminatory practice—Defendants exercising discretion in making disciplinary decisions—is job related and consistent with business necessity; and (b) Plaintiffs' claims under the Illinois Human Rights Act ("IHRA") are barred because they failed to administratively exhaust their IHRA remedies. (ECF # 180, pp. 10–13, 24–25; ECF # 202, pp. 9–11, 19–21.) Plaintiffs contend Defendants waived these affirmative defenses by failing to raise them prior to moving for summary judgment. (ECF # 196, pp. 14–16, 33–34.)

**D.** Plaintiffs seek all relief available under applicable law on their claims, including declaratory, injunctive and monetary relief, as described in the Prayer for Relief in their Second Amended Complaint. (ECF # 69.)

**E.** All parties have been served.

## 2. Discovery and Pending Motions

**A.** Two motions are currently pending:

**i.** Defendants' motion for leave to disclose rebuttal experts (ECF # 175), filed April 29, 2022, is fully briefed. Plaintiffs' opposition contending the disclosures, if permitted, would be untimely

and necessitate additional discovery (ECF # 186, pp. 11-14) was filed July 7, 2022; Defendants' reply (ECF # 189) was filed August 2, 2022.

  ii.  Defendants' motion for summary judgment (ECF # 172), filed April 28, 2022, is fully briefed as follows:

    a)  Defendants' supporting memorandum (ECF # 180) was filed May 5, 2022;

    b)  Defendants' LR 56.1(a) Statement (ECF # 173) was filed April 29, 2022;

    c)  Plaintiffs' opposition memorandum (ECF # 196) was filed August 31, 2022;

    d)  Plaintiffs' LR 56(b)(2) response (ECF # 191) was filed August 25, 2022;

    e)  Plaintiffs' LR 56(b)(3)(C) additional facts (ECF # 197) was filed August 31, 2022;

    f)  Defendants' LR 56.1(c)(2) response (ECF # 201) to Plaintiffs' LR 56(b)(3)(C) additional facts was filed October 7, 2022; and

    g)  Defendants' reply memorandum (ECF # 202) was filed October 7, 2022.

Plaintiffs intend to seek to supplement briefing as described in Section E.i. below.

  **B.**  The case was in the MIDP and the disclosures it required were completed.

  **C.**  The parties engaged in extensive fact discovery prior to Plaintiffs seeking class certification, including electronic and paper discovery, and numerous depositions. After the Court's ruling denying class certification (ECF # 144), the parties engaged in expert discovery, including expert depositions. Because Defendants' motion for leave to disclose rebuttal experts (ECF # 175) is pending and Plaintiffs seek curative discovery for Defendants' untimely disclosure (ECF # 186, pp. 11–12), Plaintiffs contend that expert or fact discovery has not been completed. Defendants contend that their disclosures did not unfairly prejudice Plaintiffs, all discovery has been completed, and reopening discovery is not curative or warranted (ECF # 189, pp. 10-11).

  **D.**  The Court has entered the following substantive rulings:

    **i.** Plaintiffs' motion for class certification was denied by Memorandum Opinion and Order of November 9, 2020 (ECF # 144); and

    **ii.** Defendants' motion to bar Plaintiffs' experts' testimony was granted in part and denied in part by Order of March 21, 2022 (ECF # 168).

  **E.** The parties anticipate the following motions prior to trial:

    **i.** Regarding Defendants' motion for summary judgment, Plaintiffs anticipate filing a motion for leave to file a corrected version of Plaintiffs' Summary of Voluminous Personnel Records and Human Resources Data (ECF # 173-32) and for leave to provide authority addressing whether statements Defendants' supervisors made to Plaintiffs are inadmissible hearsay, as Defendants contend (ECF # 201, ¶¶ 41-46, 69-71). Defendants submit that Plaintiffs' unfiled but anticipated motion, seeking to redo their Fed.R.Evid. 1006 "Summary" (initially filed in 2019 (ECF # 109-3)) would be unfairly prejudicial and needlessly further delay this case;

    **ii.** If the Court permits Defendants' rebuttal experts disclosure without authorizing curative discovery, Plaintiffs may seek additional fact or expert discovery; and

    **iii.** The parties anticipate filing motions *in limine* prior to trial.

**3. Trial**

  **A.** All parties demanded a jury.

  **B.** No trial date has been set. Plaintiffs anticipate trial of this matter will take more than two but less than three full weeks. Defendants estimate trial on all liability and damages issues will require two weeks. Plaintiffs anticipate subsequent evidentiary proceedings for equitable and injunctive relief may be required if Plaintiffs prevail on liability; Defendants disagree that further evidentiary proceedings regarding equitable relief would be required if Plaintiffs were to prevail on liability issues.

C. Assuming no further discovery is permitted, the parties anticipate they could be ready for trial 90 days after the Court's ruling on Defendants' pending motions, and the parties submit a proposed final pretrial order, and the Court then conducts a final pretrial conference.

4. **Settlement, Referrals, and Consent**

A. The case was referred to Magistrate Judge Cole for discovery supervision and that referral was closed on January 17, 2020. (ECF # 123.)

B. Plaintiffs have provided several settlement proposals to Defendants' prior and current counsel (formally and informally). Defendants have not responded with any offer of settlement.

C. The parties do not request a settlement conference.

D. The parties have informed their respective clients about the possibility of consenting to proceed before the assigned Magistrate Judge for all purposes and do not unanimously consent.

Dated: January 24, 2023

Respectfully submitted,

MAURICE NELSON and
CHRISTI MARSHALL

PACE SUBURBAN BUS and
MARGARET MURRY

By: /s/ J. Bryan Wood
J. Bryan Wood (ARDC # 6270845)
bryan@jbryanwoodlaw.com
The Wood Law Office, LLC
303 W. Madison St., Suite 2650
Chicago, IL 60606
Office: 312-554-8600

By: /s/ David L. Weinstein
David L. Weinstein (ARDC No. 312558)
dweinstein@taftlaw.com
Rachel L. Schaller (ARDC No. 6306129)
rschaller@taftlaw.com
Benjamin S. Morrell (TBPR No. 035480)
BMorrell@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Dr., Suite 2800
Chicago, IL 60601

By: /s/ Quinton Osborne
Quinton Osborne
quinton@osborneemploymentlaw.com
Osborne Employment Law
799 Roosevelt Road, Suite 3-201
Glen Ellyn, IL 60137
(331) 702-1538 Phone